UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES FERRARI,

    Plaintiff,

vs.

U.S. DEPARTMENT OF
TRANSPORTATION,

    Defendant.

Case No. 3:22-cv-316

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION TO TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF INDIANA (Doc. No. 8); AND (2) DIRECTING THE CLERK'S OFFICE TO TRANSFER THIS ACTION TO THE INDIANAPOLIS DIVISION OF THE SOUTHERN DISTRICT OF INDIANA**

---

    This civil case is before the Court on the parties' joint motion to transfer this action to the Southern District of Indiana.  Doc. No. 8.  Plaintiff here asserts employment discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*  Doc. No. 1 at PageID 2.  *See also Moreno v. Consol. Rail Corp.*, 99 F.3d 782, 789 (6th Cir. 1996) (finding that while the Rehabilitation Act does not explicitly provide for a private cause of action, one exists by implication).

    The Rehabilitation Act is enforceable through the "remedies, procedures, and rights set forth in . . . 42 U.S.C. [§] 2000e-5(f)" among other provisions.  *Hale v. Johnson*, 845 F.3d 224, 227 (6th Cir. 2016) (citations omitted).  42 U.S.C. § 2000e-5(f)(3) dictates which court is the proper venue for Rehabilitation Act actions:

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered,

> or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*See Bolar v. Frank*, 938 F.2d 377, 378–79 (2d Cir. 1991) ("By incorporating section 2000e–5(f)(3), the Rehabilitation Act clearly evinces congressional intent that venue for actions brought under the Act be limited to district courts having a connection with the alleged discrimination" (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102–03 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969)). Thus, "[i]f the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper." *Kiddey v. Transp. Sec. Admin.*, No. 5:21-cv-1829, 2022 WL 3577412, at *2 (N.D. Ohio Aug. 19, 2022) (quoting *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 17 (D.D.C. 2002). *See also Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 228–29 (1957) (citations omitted) ("Specific terms prevail over the general in the same or another statute which otherwise might be controlling").

The parties here agree that while Plaintiff currently lives in Dayton, Ohio, the employment problems at issue arose while Plaintiff worked for Defendant in Indianapolis, Indiana. Doc. No. 8 at PageID 20–21. Moreover, the pertinent employment records are not located in Ohio; Plaintiff does not claim he would have worked in Ohio if not for the employment issues; and Defendant's principal office is not located in Ohio. *Id.* at PageID 21. Thus, the Court finds that the Southern District of Ohio is an improper venue for this case. *See Kiddey*, 2022 WL 3577412, at *2.

The parties moved to transfer this case pursuant to 28 U.S.C. § 1404(a), which permits transfer to a district where the case could have been brought or where all parties consent "[f]or the convenience of the parties [and] in the interest of justice." The Court holds that 28 U.S.C. § 1406(a) is the more appropriate vehicle for transfer because venue is inappropriate in the Southern District of Ohio pursuant to 42 U.S.C. § 2000e-5(f)(3). *See* 28 U.S.C. § 1406(a) ("The district

2

court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"). However, because the case could have been brought in the Southern District of Indiana and because both parties here have consented to transfer, the Court finds that judicial efficiency weighs in favor of transferring this case to the Southern District of Indiana pursuant to either 28 U.S.C. §§ 1406(a) or 1404(a).

Accordingly, the Court **GRANTS** the parties' motion.  Doc. No. 8.  The Clerk's office is **DIRECTED** to transfer this action to the Indianapolis Division of the Southern District of Indiana.

**IT IS SO ORDERED.**

 April 20, 2023                                   s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge